Nov. Term, 1844.

THE BOARD OF COMMISSION- ERS OF JOHN- SON COUNTY v. MULLIKIN.

---

The Board of Commissioners of Johnson County *v.* Mullikin and Another.

A promissory note given to the county commissioners, in consideration of their appointment of a certain person to the office of collector of the revenue, is void.

ERROR to the *Johnson* Circuit Court.

SULLIVAN, J.—Assumpsit by the plaintiffs against the defendants on a promissory note in the following words : "*Franklin, May* 8th, 1840. On or before the first day of *May* next, we or either of us will pay to *James Gillaspie, Daniel Covert,* and *James Ritchie,* commissioners of *Johnson* county, or their successors in office, the sum of $131 31, for value received in the appointment of collector of the state and county revenue of *Johnson* county for the year 1840, which sum when paid to the board is to go to the county treasurer's office, to be a part of the county revenue of said county of *Johnson.*—*Arthur Mullikin. David Allen.*" General demurrer to the declaration. Demurrer sustained, and judgment for the defendants.

Friday, December 6.

The objection to the plaintiffs' right to recover is, that the note was given in consideration of the sale of a public office, and therefore void.

It is admitted by the parties, as well as apparent from the note itself, that it was given in consideration of the appointment of one of the promisers, or of some other person, to the office of collector of the state and county revenue of *Johnson* county for the year 1840, and the question is, whether a promise to pay money on such a consideration is valid or not. The office of collector of the revenue is one of great responsibility, and the public is deeply interested in the fidelity with which its duties are discharged. The public interest requires, that it should be filled by men selected with especial reference to their competency to fill the office, and not with reference to their ability to purchase it. By the common law, the sale of offices of a public nature is forbidden as having a tendency to tempt officers to abuse their power by bribery, extortion, and other acts of injustice, by which they may be reimbursed for the expense they incurred in getting their places.   5 Bac. Abr. tit. Offices and Officers, F.   It does not matter whether the office be sold in violation of an express statute or not.   If the bestowment of it be for a money consideration, it is in contravention of public policy, and equally void. *Blachford* v. *Preston*, 8 T. R. 89.— *Garforth* v. *Fearon*, 1 H. Blackstone, 327.—*Card* v. *Hope*, 2 Barn. & Cress. 661.

*Per Curiam.*—The judgment is affirmed with costs.

*F. M. Finch*, for the plaintiffs.

*W. Quarles* and *J. H. Bradley*, for the defendants.